1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER K. PRATER,<br><br>        Petitioner,<br><br>vs.<br><br>FOLSOM STATE PRISON, Warden,<br><br>        Respondent. | No. C 07-05382 TEH (PR)<br><br>ORDER TO SHOW CAUSE; DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTION FOR TRANSCRIPTS<br><br>(Docket Nos. 3, 4, 5 & 6) |

    Petitioner, a state prisoner currently incarcerated at the California State Prison - Corcoran, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. Petitioner has filed a motion to proceed in forma pauperis (Docket Nos. 3 & 6) pursuant to 28 U.S.C. § 1915(a), a motion for appointment of counsel (Docket No. 4), and a motion for transcripts (Docket No. 5).

**BACKGROUND**

    According to the petition, Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of San Mateo of California Penal Code § 245(a)(1) (assault with a deadly weapon) and § 243(d) (battery). On February 1, 2005, Petitioner was sentenced to nine years in state prison.

    Petitioner alleges that he appealed the conviction and sought review with the

California Supreme Court. The state high court denied review on June 14, 2006. Petitioner filed the instant federal habeas petition on October 22, 2007.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the Respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Legal Claims

Petitioner claims the following grounds for federal habeas relief: 1) ineffective assistance of trial counsel; 2) prosecutorial misconduct; and 3) ineffective assistance of appellate counsel. (Pet. 6.) Liberally construed, Petitioner's claims appear cognizable under § 2254 and merit an answer from Respondent.

C.   Motion for Appointment of Counsel

Petitioner's motion for appointment of counsel (Docket No. 4) is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented his claims for relief in the petition and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The court will appoint counsel on its own motion if a evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is

required).

D.    Motion for Transcripts

Petitioner's motion for transcripts (Docket No. 5) is DENIED as moot. Respondent has been ordered herein to serve upon Petitioner a copy of the answer and all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (Docket Nos. 3 & 6) is GRANTED.

2. Petitioner's motion for appointment of counsel (Docket No. 4) is DENIED without prejudice.

3. Petitioner's motion for transcripts (Docket No. 5) is DENIED as moot.

4. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on Petitioner.

5. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

6. Respondent may file a motion to dismiss on procedural grounds in lieu of

1  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
2  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
3  with the court and serve on Respondent an opposition or statement of non-opposition
4  within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court
5  and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.
6        7.    Petitioner is reminded that all communications with the court must be
7  served on Respondent by mailing a true copy of the document to Respondent's counsel.
8  Petitioner must also keep the court and all parties informed of any change
9  of address.
10 IT IS SO ORDERED.

12 DATED: 03/27/08

                    THELTON E. HENDERSON
                    United States District Judge