FILED
08 APR 14 PM 1:59

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Christopher K. Prater
2  V-67110
3  P.O. Box 3481 / 4B-3L-4LC
4  Corcoran, CA 93212

n/c

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER K. PRATER,
   PLAINTIFF

V.

FOLSOM STATE PRISON, WARDEN
   DEFENDANT

Case No: C-07-05382 TEH (PR)

(TRAVERSE)
PLAINTIFF'S OPPOSITION TO DEFENDANT'S, AND COURT'S DENIAL OF APPOINTMENT FOR COUNSEL W/ MEMORANDUM.

PLAINTIFF'S MOTION IS BASED ON THE FACTS ALLEGED HEREIN, THE FACTS, AND ISSUES RAISED IN THIS ORIGINAL COMPLAINT PETITION.

I, CHRISTOPHER KYLE PRATER, DO HEREBY DECLARE THAT PLAINTIFF IS IN DIRECT APPEAL FROM CASE No. SC57236A. AFTER EXHAUSTING ALL ISSUES IN STATE COURTS BEFORE DISTRICT COURTS. PLAINTIFF MOVES THE COURT FOR AN ORDER APPOINTING A CERTIFIED ATTORNEY-AT-LAW, TO REPRESENT THE PLAINTIFF IN THE PRESENT CAUSE OF ACTION, NOW PENDING BEFORE THIS HONORABLE COURT, BECAUSE PLAINTIFF CANNOT AFFORD TO EMPLOY THE SERVICES OF AN ATTORNEY IN THE FOREGOING MATTER.

## MEMORANDUM OF TRAVERSE

PLAINTIFF CANNOT STUDY, OR BECOME SELF-TAUGHT IN THE TIME CURRENTLY ALLOTED UNDER THIS COURT'S PROCEDURE, AND TIME RULES. THE COURT SHOULD EVALUATE THE LIKELIHOOD OF SUCCESS ON THE MERITS, AND THE ABILITY OF THE PRO-SE APPELANT TO ARTICULATE HIS CLAIM PRE-SE IN LIGHT OF COMPLEXITY OF THE ISSUES INVOLVED. (WEYGANDT v. LOOK 718 F.2d 952, 954 (9th Cir. 1983)); (KREILING v. FIELD 431 F.2d 638-640 (9th Cir. 1970)); (CHANEY vs. LEWIS 801 F.2d 1191, 1196 (1986). IN SHORT EXCEPTIONAL CIRCUMSTANCES ARE REQUIRED.

IF THE PLAINTIFF URGES HIS CASE TO CONTINUE TO HAVE MEANINGFULL PURPOSE; IT MUST BE ACCESSIBLE NOT ONLY TO THOSE WITH STRONG LEGAL BACKGROUND, OR HAVE THE FINANCIAL MEANS TO RETAIN, BUT ALSO THE MASS OF EDUCATED LEGAL STUDENTS, AND SCHOLARS. (WILLIAMS v. KULLMAN, 722 F.2d 1048, 1050 (2d Cir. 1983) A FINDING OF EXCEPTIONAL CIRCUMSTANCES REQUIRED AN EVALUATION OF "BOTH", THE PLAINTIFF'S SUCCESS ON THE MERITS, AND THE ABILITY OF PLAINTIFF'S SUCCESS TO ARTICULATE HIS CLAIM PRE-SE IN LIGHT OF THE COMPLEXITY OF THE PLAINTIFF'S INTEREST (WILBURN v. ESCALDERON, 789 F.2d 1328, 1331 (9th Cir. 1986)).

MEMORANDUM OF TRAVERSE

1. PLAINTIFF ALSO URGES THE COURT TO DETERMINE THAT IN THE
2. INTEREST OF JUSTICE REQUIRES APPOINTMENT OF COUNSEL. IN THE
3. INSTANT CASE UNDER (18 U.S.C. 3006A(a),(2),(B)), THUS
4. APPOINTMENT OF COUNSEL WILL NOT ONLY BENEFIT PLAINTIFF, BUT WILL
5. ALSO BENEFIT THE COURT IN ALLOWING THE IMPORTANT ISSUES TO BE
6. BRIEFED IN THE BEST MANNER, AND JUDGMENT POSSIBLE.
7. LEGAL AUTHORITY FOR APPOINTMENT, AND COMPENSATION OF COUNSEL
8. IS ARTICLE 1, SECTION §15 OF THE CALIFORNIA CONSTITUTION; THE
9. 6th AMENDMENT OF THE UNITED STATES CONSTITUTION; 23 U.S.C.,
10. §1915(d); 18 U.S.C. § 3006 A(9); AN INTERPRETED IN MCCLAIN V. MANSON
11. F. SUPP. 382 [D. CONN. 1972]; PAYNE V. SUPERIOR COURT, (1975) 17 Cal 3d 908;
12. SALAS V. CORTEZ, (1978) 24. Cal 3d 22; PRICE V. JOHNSON, 161 F.2d
13. 705; YARBROUGH V. SUPERIOR COURT, 1983 150 Cal.App.3d 388; AND
14. 
15. CALIFORNIA PENAL CODE §1191.1, WHICH EXPRESSLY GRANTS A RIGHT TO
16. COUNSEL, AND EQUAL PROTECTION TO INDIGENT IMPRISONED INMATES UPON
17. REQUEST. AS A MATTER OF DUE PROCESS, AN EQUAL PROTECTION UNDER
18. BOTH THE FEDERAL AND CALIFORNIA CONSTITUTIONS IS EXPOSED TO
19. JUDICIALLY SANCTIONED DEPRIVATIONS, AND IS ENTITLED TO ACCESS
20. TO THE COURT'S IN ORDER TO HAVE A MEANINGFUL OPPORTUNITY TO
21. BE HEARD, AND TO HAVE ASSISTANT OF COMPETENT COUNSEL.
22. UNDER 18 U.S.C. 3006A(a),(2),(B) PERMITS A COURT TO
23. APPOINT COUNSEL WHEN IT DETERMINES THAT THE INTEREST OF
24. JUSTICE SO REQUIRES, (TERROVONA V. KINCHELOE 912 F.2d 1176, 1181,
25. (9th Cir. 1990)). PLAINTIFF URGES THE COURT TO MAKE SUCH A
26. DETERMINATION GIVEN THE FACTS OF THE CASE, AND THE COMPLEXITY OF
27. OF THE ISSUE'S INVOLVED.
28.

Pg. 4 of 4

<u>VERIFICATION</u>

THE PLAINTIFF REQUEST FROM THE COURT TO ALLOW THE PLAINTIFF A JUDGMENT AS THE COURT WILL PROVIDE. PLAINTIFF HAS READ THE ABOVE STATEMENTS, AND SWEAR UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THESE STATEMENTS ARE TRUE AND CORRECT, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE, §§ 446 AND 2015.3

EXECUTED ON: <u>APRIL 02, 2008</u>

DATE: <u>APRIL 09th        2008</u>

RESPECTFULLY SUBMITTED BY:

<u>Christopher F. Prater, V-67110</u>
PRO/SE